LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 30198

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROBERT G. LEWIS, SR. And CHRISTINA K. KAPONO,
as Guardian Prochein Ami for JAYNA HAUOLI KAPONO, a minor,
Plaintiffs/Counterclaim-Defendants/Appellants,

v.

A. TAGAMI, INC., a Hawaii corporation, Trustee of the
Gilbert Lewis Revocable Living Trust, dated November 24, 1995,
Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/Appellee

and

HEIRS AND ASSIGNS OF KANEKUAPUU(k), et al.,
Defendants/Cross-Claim Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 03-1-2547)


ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Upon review of the record for this case, it appears

that we lack jurisdiction over the appeal that Plaintiffs/

Counterclaim-Defendants/Appellants Robert G. Lewis, Sr., and

Christina K. Kapono, as Guardian Prochie in Ami for Jayna Hauoli

Kapono have asserted from Honorable Victoria S. Marks'

September 15, 2009 "Order Granting Defendant/Counterclaimant A.

Tagami, Inc.'s Motion for Partial Dismissal of Third Amended

Complaint Filed May 2, 2006, or, in the Alternative, for Partial

Summary Judgment" (the September 15, 2009 interlocutory order)

and October 29, 2009 "Findings of Fact, Conclusions of Law and

Order Granting Defendant/Counterclaimant A. Tagami Inc.'s Motion

Filed on September 1, 2009, for Partial Summary Judgment Re:

Count 1" (the October 29, 2009 interlocutory order) because the

circuit court has not reduced its dispositive rulings in the September 15, 2009 interlocutory order and the October 29, 2009 interlocutory order to a separate judgment, as Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires for an appeal under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." [HRS § 641(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on the separate document requirement , the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. Therefore, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 21, 122 P.3d 809, 816 (2005) (citation omitted). "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339.

Neither the September 15, 2009 interlocutory order nor the October 29, 2009 interlocutory order is a judgment. Instead, these two orders are interlocutory orders that the circuit court has not yet reduced to a separate judgment pursuant to HRCP Rule 58. We note that (a) the October 29, 2009 interlocutory order contains the express finding necessary for certification of a corresponding appealable judgment as to one or more but fewer than all claims pursuant to HRCP Rule 54(b), and (b) the circuit court subsequently issued a February 23, 2010 order that contains the express finding necessary for certification of a corresponding appealable judgment on the September 15, 2009 interlocutory order (as to one or more but fewer than all claims) pursuant to HRCP Rule 54(b). Nevertheless, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order <u>must be reduced to a judgment</u> and the [HRCP Rule] 54(b) certification language must be contained therein." <u>Oppenheimer v. AIG Hawaii Ins. Co.</u>, 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). In this case, the circuit court has not reduced the September 15, 2009 interlocutory order and the October 29, 2009 interlocutory order to a separate, appealable judgment.

On February 23, 2010, the Circuit Court entered a document entitled "Findings of Fact, Conclusions of Law, and Judgment Quieting Title" (the February 23, 2010 FOF/COL/JQT). The February 23, 2010 FOF/COL/JQT is not a separate judgment that enters judgment as require under <u>Jenkins</u>. Instead, the February 23, 2010 FOF/COL/JQT is an interlocutory order that recites pleadings, contains numerous findings of fact and conclusions of law, and adjudicates a motion on one, but not all, of the

substantive claims in this case. <u>See</u> HRCP Rule 54(a). The February 23, 2010 FOF/COL/JQT does not contain the finding necessary for certification of an appealable judgment as to one or more but fewer than all claims pursuant to HRCP Rule 54(b). The February 23, 2010 FOF/COL/JQT is not an appealable judgment. For these reasons, we lack appellate jurisdiction, and this appeal is premature.

Therefore, IT IS HEREBY ORDERED that Appeal No. 30198 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 27, 2010.

Chief Judge

Associate Judge

Associate Judge